EDMUND RICE and others, Trustees, *vs.* THE FIRST DIVISION
OF THE ST. PAUL & PACIFIC RAILROAD COMPANY.
(Two suits.)

HORACE THOMPSON and others, Trustees, *vs.* THE FIRST DIVIS-
ION OF THE ST. PAUL & PACIFIC RAILROAD COMPANY.
(Two suits.)

March 16, 1878.

**Proceedings Upon Appeal Suspended by Request—Plaintiffs not Bound to Sus-
pension for any Particular Length of Time.**—A communication addressed
to this court by the attorneys for the parties in these appeals, asking
that the "same remain for the present at least in *statu quo*," together
with other facts, considered, and *held* not to bind the plaintiffs to a sus-
pension of proceedings herein for any particular length of time. The
plaintiffs having withdrawn assent to further delay and requested the
court to proceed with the appeals, the request is granted.

These were four several actions brought in the late court
of common pleas for Ramsey county for the purpose of fore-
closing two mortgages, for $1,200,000 and $2,800,000, respect-
ively, upon the branch line of the First Division of the St. Paul
& Pacific Railroad, and two other mortgages, for $3,000,000
and $6,000,000, respectively, upon the main line of the same
railroad.   Motions by the defendant to strike out portions of
the complaints, and motions by the plaintiffs for the appoint-
ment of a receiver, were denied by *Hall,* J., and from the
orders denying these motions appeals were taken to this
court.

*Wm. H. Scott, Geo. L. Otis, Gordon E. Cole* and *E. C.
Palmer,* for plaintiffs.

*Bigelow, Flandrau & Clark,* for defendant.

BERRY, J.   The appeals in the foregoing cases were duly
argued and submitted to this court at April term, 1875.   On
August 24, 1875, the same being under advisement and unde-
termined, the attorneys for the respective parties submitted

to the two judges of this court, who sit in these cases, a communication, the substance of which is as follows, viz.:

"It is the desire of the parties in interest * * that the several appeals now pending in the supreme court, in 'the above entitled cases,' remain, for the present at least, *in statu quo.* We are not yet sufficiently advised of the arrangement which has been made by the parties to state to what time they are desired so to remain, or what exigency *may* make decisions of such appeals necessary or desirable, but will, when further advised, communicate further with your honors on the subject, if agreeable to you."

This communication was signed by the attorneys for the plaintiffs, and by the attorneys for the defendant—the First Division of the St. Paul & Pacific Railroad Company. This communication is, evidently, nothing more than a joint request that proceedings in the appeals should be suspended for the then present. In itself considered, it contains nothing which binds either party to a suspension of proceedings for any particular length of time.

On August 4, 1877, another communication was received, signed by the attorneys for the plaintiffs, withdrawing all assent on the part of the plaintiffs to any further delay in the decision of these appeals, and asking for a speedy determination of the same.

The attorneys for defendants objecting to further proceedings, an order was issued requiring them to show cause why the appeals should not be proceeded in.

Upon the hearing it appeared that the proceedings were suspended in consequence of an agreement entered into between the defendant, the First Division of the St. Paul & Pacific Railroad Company, as party of the first part, a committee representing certain bondholders of the company, together with such other bondholders as might come into the agreement, of the second part, and certain stockholders of the company, as parties of the third part.

This agreement was entered into with the expectation that

the bondholders and stockholders of the company would be able to unite in an arrangement, proposed in the agreement, for an amicable and complete adjustment of the indebtedness of the company, and for relief from the embarrassments by which it was beset. This expectation appears to have failed.

The agreement was not executed by the plaintiffs, as trustees or otherwise, or by all the bondholders; the holders of a large number of bonds having failed to accede to it.

The agreement provided, among other things, for the suspension of the proceedings in these appeals, and it also contained provisions for its own rescission. The defendant, the First Division of the St. Paul & Pacific Railroad Company, claims that it is still unrescinded and in full force, and, among other things, that through its operation the parties of the second part have received certain valuable benefits of which they still retain possession, while as a condition of rescission they were bound to restore the defendant, party of the first part, to the *status in quo*. But we are of opinion that, upon the facts of the case, the agreement did not bind the plaintiffs. In the first place they did not execute it.

In the second place the plaintiffs are trustees and as such bring these actions. Certain property is conveyed to them upon trusts for the security of certain bondholders. The deeds of trust make it the duty of the plaintiffs in a certain contingency, among other things, to institute legal proceedings to collect the principal and interest of the bonds secured by such deeds. The proceedings in which these appeals are taken were instituted for the purpose of discharging the duty thus imposed. Now what it might have been competent for the plaintiffs to have done, if all the bondholders whose trustees they are had entered into and executed the agreement above mentioned, we need not inquire. They did not so enter into or execute it.

It is the duty of the trustees to execute their trusts, and this is a duty which they owe to all the bondholders for whose benefit the trusts were created. It is, therefore, a matter of

great doubt whether it would be competent for the plaintiffs, by agreeing with part of the *cestui que trusts, i. e.,* with part of the bondholders, or by assenting to any agreement made by such part, to tie up their own hands so as to bind themselves not to execute their trust; as, for instance, not to carry on legal proceedings instituted, as the present proceedings are presumed to have been, in the discharge of trust duty. There is certainly great reason for doubting whether such an agreeing or assenting would not be a clear violation of their trust obligations. If this doubt is well founded, then, even if the plaintiffs had been parties to the agreement before mentioned, or had acquiesced in or otherwise assented to it, they would not be bound. But whether these doubts are well founded or not, the plaintiffs are in no way bound by the agreement to any suspension of proceedings in these appeals for the first reason given, viz., that they did not execute it. As they were not so bound for any particular length of time, by the communication to this court of August 24, 1875, there is no reason why their request that the appeals should be proceeded with and determined should not be granted. The appeals will be proceeded with and determined accordingly.

Gilfillan, C. J., having been of counsel, did not sit in this case.